AEE

FILED
FEBRUARY 13, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 927

JUDGE MANNING
MAGISTRATE JUDGE ASHMAN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **HENRY BENTLEY** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VILLAGE OF PARK FOREST, and Park Forest | ) | |
| Police Commander Steve Coe, and Police Officer | ) | |
| Thomas Naughton, | ) | |
| Individually, | ) | |
| Defendants, | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, plaintiff HENRY BENTLEY was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned defendant Park Forest Police Commander, Steve Coe ("COE") was employed by the Park Forest Police Department, and was acting under color of state law and as the employee, agent, or representative of the Park Forest Police Department. This Defendant is being sued in his individual capacity.

1

5. At all times herein mentioned defendant Park Forest Police Officer, Thomas Naughton ("NAUGHTON") was employed by the Park Forest Police Department, and was acting under color of state law and as the employee, agent, or representative of the Park Forest Police Department. This Defendant is being sued in her individual capacity.

6. At all times herein mentioned, the Village of Park Forest was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Park Forest maintained, managed, and/or operated the Park Forest Police Department.

## FACTUAL ALLEGATIONS

7. On or about September 9, 2006, Plaintiff was lawfully located on his own property, in the Village of Park Forest, County of Cook, State of Illinois.

8. At that time and place defendants COE and NAUGHTON used force against plaintiff, including but not limited to, deploying pepper spray and a tazer.

9. There was no legal cause for defendants COE and NAUGHTON to use force against plaintiff.

10. Neither COE nor NAUGHTON arrested plaintiff on September 9, 2006.

11. On or about September 25, 2006, defendants COE and/or NAUGHTON obtained an arrest warrant from a judge authorizing the arrest of plaintiff for acts that allegedly occurred on September 9, 2006.

12. COE and/or NAUGHTON made false allegations against plaintiff in order to have the arrest warrant issued on or about September 25, 2006.

13. As a result of that arrest warrant being issued plaintiff was arrested on or about January 11, 2007.

14. Plaintiff is informed and believes and alleges thereon that on about January 26, 2007, COE and/or NAUGHTON obtained a second arrest warrant authorizing the arrest of plaintiff for events that allegedly occurred on September 9, 2006.

15. COE and/or NAUGHTON made false allegations against plaintiff in order to have the arrest warrant issued on or about January 26, 2007.

16. There was no probable cause for to arrest plaintiff, or for the issuance of any arrest warrant authorizing the arrest of plaintiff, for events that occurred on September 9, 2006.

17. The criminal case against plaintiff that resulted from the arrest warrant issued on September 25, 2006, was resolved in favor of plaintiff on February 15, 2007.

18. The criminal case against plaintiff that resulted from the arrest warrant issued on January 26, 2007, was resolved in favor of plaintiff on March 23, 2007.

19. In the alternative, all criminal charges brought against plaintiff by COE and/or NAUGHTON relating to events that occurred on September 9, 2006 were resolved in plaintiff's favor as early as February 15, 2007 but no later than March 23, 2007.

20. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

21. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's

rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Defendants COE and NAUGHTON for UNREASONBLE SEIZURE

23. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

24. By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

25. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: One or both defendants caused plaintiff to be arrested without probable cause, and made false statements to a judge in order have an arrest warrant issued that authorized his arrest which resulted in plaintiff's arrest. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Defendants COE and NAUGHTON for EXCESSIVE FORCE

26. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

27. Defendants COE and NAUGHTON used excessive force against plaintiff's person on September 9, 2006.

28. There was no legal cause for defendants to use force against plaintiff.

29. By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

30. The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

### Plaintiff Against defendants COE, NAUGHTON and the VILLAGE OF PARK FOREST For The State Supplemental Claim Of Malicious Prosecution

31. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-two (22) hereat as though fully alleged at this place.

32. Defendants COE and/or NAUGHTON caused a criminal prosecution(s) to commence against the plaintiff.

33. Defendants COE and NAUGHTON, police officers employed by the Village of Park Forest, maliciously commenced and caused to be continued a criminal

action(s) against the plaintiff without probable cause for the institution of these proceedings. As a result, plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

34. Defendants COE and NAUGHTON facilitated the malicious prosecution(s) by the creation of false evidence and/or by giving false police reports.

35. The criminal proceedings were terminated in the plaintiff's favor.

36. The Village of Park Forest is liable to plaintiff for the acts of COE and NAUGHTON pursuant to the doctrine of *respondeat superior*.

37. Therefore, defendants COE, NAUGHTON and the Village of Park Forest are liable under the state supplemental claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the Village of Park Forest be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s/Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: /s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com