08-30-4870                                                                    ARDC No. 01144642

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **HENRY BENTLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No.   08 C 927 |
| ) | |
| **VILLAGE OF PARK FOREST, and PARK** ) | Judge Manning |
| **FOREST POLICE COMMANDER** ) | Magistrate Judge Ashman |
| **STEVE COE, and POLICE OFFICER** ) | |
| **THOMAS NAUGHTON, INDIVIDUALLY,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER

NOW COME the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, STEVE COE, and THOMAS NAUGHTON, by and through their Attorneys, HARTIGAN & CUISINIER P.C., and for their Answer to Plaintiff's Complaint at Law hereby state as follows:

### JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and the Civil Rights Act of 1871. [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER**:    The Defendants admit that these cited Sections do exist, but deny that there is any viable action, as referenced in Paragraph One (1.) of Plaintiff's Complaint at Law.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER**: The Defendants admit that this cited Section exists, but deny that there were any acts to complain of, as referenced in Paragraph Two (2.) of Plaintiff's Complaint at Law.

## PARTIES

3. At all times herein mentioned, plaintiff HENRY BENTLEY was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER**: The Defendants admit the Allegations contained in Paragraph Three (3.) of Plaintiff's Complaint at Law.

4. At all times herein mentioned defendant Park Forest Police Commander, Steve Coe ("COE") was employed by the Park. Forest Police Department, and was acting under color of state law and as the employee, agent, or representative of the Park Forest Police Department, This Defendant is being sued in his individual capacity.

**ANSWER**: The Defendants admit the Allegations contained in Paragraph Four (4.) of Plaintiff's Complaint at Law, but further assert that "under color of state law" calls for a legal conclusion and objects to that legal terminology.

5. At all times herein mentioned defendant Park Forest Police Officer, Thomas Naughton ("NAUGHTON") was employed by the Park Forest Police Department, and was

acting under color of state law and as the employee, agent, or representative of the Park Forest Police Department. This Defendant is being sued in her individual capacity.

**ANSWER**:   The Defendants admit the Allegations contained in Paragraph Five (5.) of Plaintiff's Complaint at Law, but further state that the terminology "acting under color of state law" calls for a legal conclusion and object to that terminology contained in this Paragraph.

6. At all times herein mentioned, the Village of Park Forest was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Park Forest maintained, managed, and/or operated the Park Forest Police Department.

**ANSWER**:   The Defendants admit the Allegations contained in Paragraph Six (6.) of Plaintiff's Complaint at Law.

## FACTUAL ALLEGATIONS

7. On or about September 9, 2006, Plaintiff was lawfully located on his own property, in the Village of Park Forest, County of Cook, State of Illinois.

**ANSWER**:   The Defendants admit that the Plaintiff was on certain property on the said date, but as far as whether Plaintiff owned the property in question and whether the Plaintiff was "lawfully" on said property, Defendants have knowledge insufficient to form a belief as to the truth or falsity of those

Allegations and, therefore, neither admit nor deny same, but demand strict proof thereof.

8. At that time and place defendants COE and NAUGHTON used force against plaintiff, including but not limited to, deploying pepper spray and a tazer,

**ANSWER**: The Defendants admit that OFFICER NAUGHTON used reasonable force consisting of pepper spray to resist Plaintiff's actions, and admit that COE used the tazer but further add that the tazer missed the Plaintiff and made no contact with him. No other force was used by either Officer.

9. There was no legal cause for defendants COE and NAUGHTON to use force against plaintiff.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Nine (9.) of Plaintiff's Complaint at Law and further state the Plaintiff was combative.

10. Neither COE nor NAUGHTON arrested plaintiff on September 9, 2006.

**ANSWER**: The Defendants admit that they did not arrest the Plaintiff on said date, mainly because Plaintiff ran from the Police and fled the scene. Defendants further requested Plaintiff's wife to have Plaintiff voluntarily come to the Police station voluntarily which did not occur.

11. On or about September 25, 2006, defendants COE and/or NAUGHTON obtained an arrest warrant from a judge authorizing the arrest of plaintiff for acts that allegedly occurred on September 9, 2006.

**ANSWER**: The Defendants admit that only OFFICER NAUGHTON, not COE, obtained an arrest warrant from a Judge authorizing the arrest of the Plaintiff, as referenced in Paragraph Eleven (11.) of Plaintiff's Complaint at Law.

12. COE and/or NAUGHTON made false allegations against plaintiff in order to have the arrest warrant issued on or about September 25, 2006.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Twelve (12.) of Plaintiff's Complaint at Law as they relate to OFFICER NAUGHTON. With respect to OFFICER COE, he did not have any input as far as obtaining an arrest warrant with reference to the September 9, 2006 date.

13. As a result of that arrest warrant being issued plaintiff was arrested on or about January 11, 2007.

**ANSWER**: The Defendants admit the Allegations contained in Paragraph Thirteen (13.) of Plaintiff's Complaint at Law.

14. Plaintiff is informed and believes and alleges thereon that on about January 26, 2007, COE and/or NAUGHTON obtained a second arrest warrant authorizing the arrest of plaintiff for events that allegedly occurred on September 9, 2006.

**ANSWER**:  The Defendants deny that any second arrest warrant was obtained, as referenced in Paragraph Fourteen (14.) of Plaintiff's Complaint at Law.

15. COE and/or NAUGHTON made false allegations against plaintiff in order to have the arrest warrant issued on or about January 26, 2007.

**ANSWER**:  The Defendants deny that any arrest warrant was made with respect to any false allegations with reference to January 26, 2007.

16. There was no probable cause for to arrest plaintiff, or for the issuance of any arrest warrant authorizing the arrest of plaintiff, for events that occurred on September 9, 2006.

**ANSWER**:  The Defendants deny the Allegations contained in Paragraph Sixteen (16.) as to any lack of probable cause for the issuance of the arrest warrant.

17. The criminal case against plaintiff that resulted from the arrest warrant issued on September 25, 2006, was resolved in favor of plaintiff on February 15, 2007.

**ANSWER**:  The Defendants admit the Allegations contained in Paragraph Seventeen (17.) of Plaintiff's Complaint at Law, since the Judge dismissed the case due to an Officer not being present in Court.

18. The criminal case against plaintiff that resulted from the arrest warrant issued on January 26, 2007, was resolved in favor of plaintiff on March 23, 2007.

**ANSWER**:   The Defendants admit the Allegations contained in Paragraph Eighteen (18.) of Plaintiff's Complaint at Law.

19.   In the alternative, all criminal charges brought against plaintiff by COE and/or NAUGHTON relating to events that occurred on September 9, 2006 were resolved in plaintiffs favor as early as February 15, 2007 but no later than March 23, 2007.

**ANSWER**:   The Defendants admit the Allegations contained in Paragraph Nineteen (19.) of Plaintiff's Complaint at Law.

20.   By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph Twenty (20.) of Plaintiff's Complaint at Law.

21.   The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph Twenty One (21.) of Plaintiff's Complaint at Law.

22. By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER**: With respect to information contained in Paragraph Twenty Two (22.) of Plaintiff's Complaint, the Defendants have knowledge insufficient to form a belief as to the truth or falsity of that information and, therefore, neither admit nor deny same, but demand strict proof thereof.

## COUNT I
## Plaintiff Against Defendants COE and NAUGHTON for UNREASONABLE SEIZURE

23. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

**ANSWER**: The Defendants hereby restate their Answers to Paragraphs One through Twenty Two (1.-22.) of Plaintiff's Complaint as their Answer to Paragraph Twenty Three (23.) of Count I of Plaintiff's Complaint at Law, as more fully set forth herein and incorporates them by reference.

24. By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph Twenty Four (24.) of Count I of Plaintiff's Complaint at Law.

25.   The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiffs rights in the following manner: One or both defendants caused plaintiff to be arrested without probable Cause, and made false statements to a judge in order have an arrest warrant issued that authorized his arrest which resulted in plaintiff's arrest. The foregoing was unnecessary. unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants arc liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**:   The Defendants deny the Allegations contained in Paragraph Twenty Five (25.) of Count I of Plaintiff's Complaint at Law.

## COUNT II
### Plaintiff Against Defendants COE and NAUGHTON for EXCESSIVE FORCE

26.   Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

**ANSWER**:   The Defendants hereby restate their Answers to Paragraphs One through Twenty Two (1.-22.) of Plaintiff's Complaint as their Answer to Paragraph Twenty Six (26.) of Count II of Plaintiff's Complaint at Law, as more fully set forth herein and incorporates them by reference.

27. Defendants COE and NAUGHTON used excessive force against plaintiffs person on September 9, 2006.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Twenty Seven (27.) of Count II of Plaintiff's Complaint at Law.

28. There was no legal cause for defendants to use force against plaintiff.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Twenty Eight (28.) of Count II of Plaintiff's Complaint at Law.

29. By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Twenty Nine (29.) of Count II of Plaintiff's Complaint at Law.

30. The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Thirty (30.) of Count II of Plaintiff's Complaint at Law.

## COUNT III
### Plaintiff Against Defendants COE, NAUGHTON and the VILLAGE OF PARK FOREST For The State Supplemental Claim Of Malicious Prosecution

31.     Plaintiff hereby incorporates and re-alleges paragraphs One (1) through twenty-two (22) hereat as though fully alleged at this place.

**ANSWER**:   The Defendants hereby restate their Answers to Paragraphs One through Twenty Two (1.-22.) of Plaintiff's Complaint as their Answer to Paragraph Thirty One (31.) of Count III of Plaintiff's Complaint at Law, as more fully set forth herein and incorporates them by reference.

32.     Defendants COE and/or NAUGHTON caused a criminal prosecution(s) to commence against the plaintiff.

**ANSWER**:   The Defendants admit the Allegations contained in Paragraph Thirty Two (32.) of Count III of Plaintiff's Complaint at Law.

33.     Defendants COE and NAUGHTON, police officers employed by the Village of Park Forest, maliciously commenced and caused to be continued a criminal action(s) against the plaintiff without probable cause for the institution of these proceedings. As a result, plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER**:   The Defendants deny the Allegations with respect to any malicious conduct and also deny that their actions are without probable cause.  The Defendants

>    deny the remaining Allegations of Paragraph Thirty Three (33.) of Count III of Plaintiff's Complaint at Law.

34. Defendants COE and NAUGHTON facilitated the malicious prosecution(s) by the creation of false evidence and/or by giving false police reports.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Thirty Four (34.) of Count III of Plaintiff's Complaint at Law.

35. The criminal proceedings were terminated in the plaintiff's favor.

**ANSWER**: The Defendants admit the Allegations contained in Paragraph Thirty Five (35.) of Count III of Plaintiff's Complaint at Law.

36. The Village of Park Forest is liable to plaintiff for the acts of COE and NAUGHTON pursuant to the doctrine of respondeat superior.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Thirty Six (36.) of Count III of Plaintiff's Complaint at Law, as to any wrongful acts.

37. Therefore, defendants COE, NAUGHTON and the Village of Park Forest are liable under the state supplemental claim of Malicious Prosecution.

**ANSWER**: The Defendants deny the Allegations contained in Paragraph Thirty Seven (37.) of Count III of Plaintiff's Complaint at Law, as to being liable for malicious prosecution.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, STEVE COE, and THOMAS NAUGHTON, pray that Counts I, II and III of Plaintiff's lawsuit be dismissed, with costs assessed against the Plaintiff. The Defendants also assert that the Plaintiffs are not entitled to any relief.

        Respectfully Submitted,

        /s/Russell W. Hartigan
        Russell W. Hartigan, One of the Attorneys
        for the Defendants

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street
Suite 2150
Chicago, Illinois 60601
(312)201-8880

**STATE OF ILLINOIS** )
                              ) SS.
**COUNTY OF COOK** )

## STATEMENT OF LACK OF KNOWLEDGE

I, Russell W. Hartigan, on Oath solemnly depose and state that I am empowered to represent the interests of the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, STEVE COE, and THOMAS NAUGHTON, and with reference to a portion of Paragraph Seven (7.), and Paragraph Twenty Two (22.) of Plaintiff's Complaint-At-Law hereby state that I have insufficient knowledge to form an opinion as to the truth or falsity of the allegations contained therein.

                                                             /s/Russell W. Hartigan_____
                                                             Russell W. Hartigan, One of the Attorneys
                                                             for the Defendants

SUBSCRIBED AND SWORN to
before me this \_\_\_\_\_ day of _____, 2008.

_____
Notary Public

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street
Suite 2150
Chicago, Illinois 60601
(312)201-8880

## AFFIRMATIVE DEFENSES

As and for their Affirmative Defenses to the Plaintiff's Complaint, and without prejudice to any of the previous admissions and/or denials contained in their Answer, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, STEVE COE, and THOMAS NAUGHTON, hereby state as follows:

## FIRST AFFIRMATIVE DEFENSE

1. Neither the VILLAGE OF PARK FOREST nor THOMAS NAUGHTON nor STEVE COE is liable because the Defendants acted with probable cause at all times alleged in the Plaintiff's Complaint at Law.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, THOMAS NAUGHTON and STEVE COE, respectfully request this Honorable Court dismiss Plaintiff's Complaint with prejudice with costs assessed against the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

1. That the Defendant Officers THOMAS NAUGHTON and STEVE COE, at all times relevant hereto, were engaged in the performance of their official duties as a Police Officer for the VILLAGE OF PARK FOREST.

2. That the actions of the Defendants, THOMAS NAUGHTON and STEVE COE, at all times relevant hereto, were lawful and proper.

3. That at all times relevant hereto, the Defendants, THOMAS NAUGHTON and STEVE COE, were engaged in a lawful Police arrest.

15

4. That these Defendants at all times relevant hereto, reasonably believed that their conduct was lawful in this arrest.

5. That the Defendants, THOMAS NAUGHTON and STEVE COE, have qualified immunity as to the allegations contained in the Plaintiff's Complaint.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, THOMAS NAUGHTON and STEVE COE, pray this Honorable Court enter judgment in their favor and against the Plaintiff and for such other and further relief as this Court deems just and proper.

### THIRD AFFIRMATIVE DEFENSE

1. Plaintiff has failed to state a claim upon which relief can be granted in the Complaint at Law.

2. Plaintiff has failed to allege a cognizable deprivation of liberties by these Defendants.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, THOMAS NAUGHTON and STEVE COE, respectfully request this Honorable Court dismiss Plaintiff's Complaint against the Defendants and for such other and further relief as this Court deems just and proper.

### FOURTH AFFIRMATIVE DEFENSE

1. That these Defendants assert that the Plaintiff's own negligence was the direct and proximate cause of any alleged injuries.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, THOMAS NAUGHTON and STEVE COE, pray this Honorable Court enter judgment in their favor and against the Plaintiff and reduce any award in favor of the Plaintiff by the amount of Plaintiff's own contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred by the Statute of Limitations.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, THOMAS NAUGHTON and STEVE COE, respectfully request this Honorable Court dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

1. Any award obtained by the Plaintiff must be reduced to the extent to which the Plaintiff has failed to discharge her duty to mitigate damages commensurate with the degree of failure to mitigate attributed to the Plaintiff by the jury in this case.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, THOMAS NAUGHTON and STEVE COE, requests this Honorable Court reduce any award in favor of the Plaintiff by the degree to which Plaintiff failed to mitigate her damages.

**SEVENTH AFFIRMATIVE DEFENSE**

1. The VILLAGE is not liable to Plaintiff on any Stew law claim if the individual Defendants are not found liable to the Plaintiff on such a claim, pursuant to 745 ILCS 10/2-109.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, THOMAS NAUGHTON and STEVE COE, respectfully request this Honorable Court dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

1. That the VILLAGE cannot be held liable for civil rights violations under a theory of respondeat superior pursuant to Monelle v. N.Y. Department of Social Services, 436 U.S. 658 (1978).

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, THOMAS NAUGHTON and STEVE COE, respectfully request this Honorable Court dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

1. That the Defendants, VILLAGE OF PARK FOREST, THOMAS NAUGHTON and STEVE COE are entitled to immunity for State Law claims of Malicious Prosecution by virtue of 2-208 of the Tort Immunity Act (745 ILCS 10/2-208.

WHEREFORE, the Defendants, VILLAGE OF PARK FOREST, a Municipal Corporation, THOMAS NAUGHTON and STEVE COE, respectfully request this Honorable Court dismiss the Plaintiff's Complaint with prejudice, with costs assessed against Plaintiff.

Respectfully Submitted,

_____
/s/Russell W. Hartigan_____
Russell W. Hartigan, One of the Attorneys
for the Defendants

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street
Suite 2150
Chicago, Illinois 60601
(312)201-8880

08-30-4870                                                                                         ARDC No. 01144642

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HENRY BENTLEY,            ) | |
|   Plaintiff,              ) | |
| v.                        ) | No.   08 C 927 |
| VILLAGE OF PARK FOREST, and PARK ) | Judge Manning |
| FOREST POLICE COMMANDER   ) | Magistrate Judge Ashman |
| STEVE COE, and POLICE OFFICER ) | |
| THOMAS NAUGHTON, INDIVIDUALLY, ) | |
|   Defendants.             ) | |

### NOTICE OF FILING

TO:   Garrett W. Browne, gbrowne@efox-law.com
       Edward M. Fox , efox@efox-law.com,lechavarria@efox-law.com

   PLEASE TAKE NOTICE that on this 10th  day of March  , 2008, we filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, our DEFENDANTS' ANSWER, copies of which are attached hereto and served upon you.

                                                            /s/Russell W. Hartigan       

### PROOF OF SERVICE BY ELECTRONIC MAIL

   The undersigned, being first duly sworn on oath, deposes and states that s/he served the above and foregoing Notice, together with a copy of the pleading(s) therein referred to, upon each party to whom it is directed, via electronic mail, on this 10th   day of March, 2008.

                                                            /s/Russell W. Hartigan       

SUBSCRIBED and SWORN to before me this 10th  day of March, 2008.

_____
Notary Public

Russell W. Hartigan
Patrick H. O'Connor
Michael R. Hartigan
HARTIGAN & CUISINIER P.C.
222 North LaSalle Street, Suite 2150
Chicago, IL  60601, (312) 201-8880

20